IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| BankUnited Financial Corporation, *et al.*, | Case No. 09-19940-LMI |
| Debtors. | (Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BANKUNITED FINANCIAL CORPORATION, *et al.*, | |
| Plaintiff, | Adversary Proceeding Case No. 10-03075 |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | |
| Defendant. | |

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR BANKUNITED FSB, TO COMPLAINT

The Federal Deposit Insurance Corporation, as Receiver for BankUnited FSB

("Defendant" or "FDIC-R") hereby files its answer to the Complaint Seeking A Declaratory

Judgment filed by The Official Committee of Unsecured Creditors of the above-captioned

Debtors (the "Committee" or "Plaintiff"), as follows:

ANSWER TO PRELIMINARY STATEMENT

Defendant denies the preliminary statement, and states that the allegations contained in

footnote 2 of the Complaint constitute a legal conclusion as to which no response is required.

## ANSWER

1.      States that the allegations contained in paragraph 1 of the Complaint constitute a legal conclusion as to which no response is required.

2.      States that the allegations contained in paragraph 2 of the Complaint constitute a legal conclusion as to which no response is required.

3.      States that the allegations contained in paragraph 3 of the Complaint constitute a legal conclusion as to which no response is required.

4.      States that the allegations contained in paragraph 4 of the Complaint constitute a legal conclusion as to which no response is required.

5.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Admits the allegations contained in paragraph 6 of the Complaint.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that on or about May 21, 2009, the Office of Thrift Supervision closed BankUnited FSB (the "Bank") and appointed the FDIC as receiver, and that the FDIC-R transferred certain of the Bank's assets and liabilities to a newly charted federal savings bank.

8.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Denies each and every allegation contained in paragraph 11 of the Complaint.

MIA 362911-1.084080.0022

12.    Denies each and every allegation contained in paragraph 12 of the Complaint, except admits the Committee filed a Motion For Derivative Standing, a hearing was held on said Motion, and this Court entered an Order.  The FDIC-R refers to said Motion and Order for their terms.

13.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.  The FDIC-R refers to said 2004 Notices for their terms.

14.    States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.  The FDIC-R refers to said Demand Letters for their terms.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint and the footnote thereto, except admits that (i) the FDIC-R filed a Motion to Enforce the Court's Derivative Standing Order, and (ii) it is the FDIC-R's position that: the Committee has no standing to assert the claims set forth in the Demand Letters because such claims are derivative of the Bank and belong exclusively to the FDIC-R, as receiver for the Bank, pursuant to, *inter alia*, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), and the claims are outside the "sliver" as articulated in *In re Southeast Banking Corp.*, 827 F. Supp. 742 (S.D. Fla. 1993).  The FDIC-R refers to said Motion To Enforce, and the other filings referenced in footnote 3 of the Complaint, for their terms.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint, and refers to the Committee's Response to the FDIC-R's Motion to Enforce for its terms.

17.    Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the Court held a hearing on December 29, 2009 on the FDIC-R's Motion to

- 3 -

Enforce and entered an Order on January 6, 2010. The FDIC-R refers to the hearing transcript and the Order for their terms.

18.      Admits the allegations contained in paragraph 18 of the Complaint.

19.      Denies each and every allegation contained in paragraph 19 of the Complaint.

20.      Denies each and every allegation contained in paragraph 20 of the Complaint.

## COUNT I

21.      With respect to the allegations contained in paragraph 21 of the Complaint, the FDIC-R repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as though set forth here in full.

22.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.      States that the allegations contained in paragraph 23 of the Complaint constitute a legal conclusion as to which no response is required.

24.      Denies each and every allegation contained in paragraph 24 of the Complaint.

25.      States that the allegations contained in paragraph 25 of the Complaint constitute a legal conclusion as to which no response is required and, to the extent one is required, denies each and every allegation contained in said paragraph.

26.      Denies each and every allegation contained in paragraph 26 of the Complaint.

27.      Denies each and every allegation contained in paragraph 27 of the Complaint.

## Response to "Wherefore" Section

The FDIC-R states that the "Wherefore" section of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, the FDIC-R

- 4 -

denies each and every allegation in the "Wherefore" section of the Complaint and denies that Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The FDIC-R has the exclusive right, pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), enacted by Congress as part of FIRREA, to assert the claims Plaintiff seeks to bring against former officers and/or directors of BUFC and the Bank.

**SECOND AFFIRMATIVE DEFENSE**

The claims Plaintiff seeks to assert against former officers and/or directors of BUFC and the Bank are derivative of the Bank, and are, therefore, owned by the FDIC-R.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert claims against former officers and/or directors of BUFC and the Bank, including, but not limited to, each of the claims set forth in Plaintiff's proposed complaint.

- 5 -

Dated:  June 28, 2010

Respectfully submitted,

HUGHES HUBBARD & REED LLP


By:    /s/ Aviva L. Wernick
        Dennis Klein, *Pro Hac Vice*
        Aviva L. Wernick
        Fla. Bar # 0697281
201 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-4332
Tel:  305.358.1666
Fax:  305.371.8759

and

McDERMOTT WILL & EMERY LLP
Bruce J. Berman
Fla. Bar # 159280
201 South Biscayne Boulevard, Suite 2200
Miami, FL 33131-4336
Tel.:  305.358.3500
Fax.:  305.347.6500

Geoffrey T. Raicht
340 Madison Avenue
New York, New York 10173-1922
Tel.:  212.547.5400
Fax.:  212.547.5444

*Co-Counsel for the Federal Deposit Insurance
Corporation, as Receiver for BankUnited FSB*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    s/Bruce J. Berman
Bruce J. Berman

### Service List for USDC Case 10-03075-LMI

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case:

**Sameer K Kapoor** on behalf of Plaintiffs
skapoor@kilpatrickstockton.com, tmeyers@kilpatrickstockton.com

**Corali Lopez-Castro** on behalf of Plaintiffs
clc@kttlaw.com, rcp@kttlaw.com

**Todd C Meyers** on behalf of Plaintiffs
tmeyers@kilpatrickstockton.com, skapoor@kilpatrickstockton.com

## Manual Notice List

The following is the list of parties who are not on the list to receive e-mail notice/service for this case, and are therefore being served by first class U.S. Mail, postage prepaid:

(no manual recipients)

MIA 362911-1.084080.0022